UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH PRINZO, on behalf of herself and all other employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANNAFORD BROS. CO., LLC,<br><br>Defendant. | CIVIL ACTION NO. 1:21-cv-11901 |

### DEFENDANT HANNAFORD BROS. CO. LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Hannaford Bros. Co., LLC ("Hannaford") by and through its undersigned counsel, respectfully files this Notice of Removal from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts. In support thereof, Hannaford states as follows:

### Background

1. On or about April 28, 2021, Plaintiff Judith Prinzo ("Plaintiff") filed a Class Action Complaint and Jury Demand (the "Complaint") against Hannaford in the Superior Court of the Commonwealth of Massachusetts, Plymouth County. The case is captioned *Judith Prinzo, on behalf of herself and all other employees similarly situated v. Hannaford Bros. Co., LLC*, Docket No. 2183CV00323 ("the State Court Action"). *See Exhibit A*, Complaint.

2. On June 9, 2021, Hannaford timely filed a Notice of Removal. As a result, the State Court Action was removed to the United States District Court for the District of Massachusetts, assigned to United States District Judge William G. Young ("Judge Young"), and captioned *Judith

*Prinzo, on behalf of herself and all other employees similarly situated v. Hannaford Bros. Co., LLC*, Civil Action No. 1:21-cv-10968-WGY.

3.  On July 9, 2021, Plaintiff moved to remand the State Court Action back to the Massachusetts Superior Court. ECF No. 17.[1] In support of her Motion to Remand, Plaintiff argued that Hannaford's June 9, 2021 Notice of Removal failed to establish that the allegations in Plaintiff's Complaint provided a sufficient basis to conclude that Plaintiff's claims satisfied the $5 million amount in controversy requirement of the Class Action Fairness Act ("CAFA") and the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). ECF No. 17.

4.  Hannaford opposed Plaintiff's Motion to Remand, and it provided evidence that Plaintiff's Complaint satisfied the jurisdictional minimums as of the June 9, 2021 removal date because, under the 1.5x damages method of overtime damages, Plaintiff's reasonably estimated individual damages exceeded the $75,000 amount in controversy under § 1332(a) and the reasonably estimated damages for the putative class exceeded the $5 million amount in controversy requirement under CAFA. Hannaford also provided evidence that, if the .5x damages method of overtime damages applied, the amount in controversy requirements would soon be met, particularly with the addition of the statutorily-mandated attorneys' fees under the Massachusetts Wage Act. ECF Nos. 27 & 30. Hannaford's damages estimates at the time were based on the assumption that Plaintiff would be claiming that she and the putative class members worked 10 hours of overtime each week, with the exception of weeks when they were on vacation or some other sort of leave. ECF No. 27.

5.  In her Motion to Remand briefing, Plaintiff claimed that she was not yet in a position to determine whether the 1.5x or .5x damages calculation applied. ECF No. 28 at 6

---

[1] As used herein, "ECF" refers to documents filed in Civil Action No. 1:21-cv-10968-WGY, *Judith Prinzo, on behalf of herself and all other employees similarly situated v. Hannaford Bros. Co., LLC*. See ¶ 2.

(arguing that her entitlement to damages under the 1.5x damages method is not "sufficiently probable to warrant removal" because application of the 1.5 damages method will depend on Plaintiff's ability to ultimately prove certain "underlying facts").  Plaintiff reinforced her position on this issue during the September 7, 2021 hearing on Plaintiff's Motion to Remand.  ECF No. 33 at 10:4-11:7.

6.  During the hearing on September 7, 2021, Judge Young granted Plaintiff's Motion to Remand because "on this record, I think removal is premature."  ECF No. 33 at 13:25-14:4.  Despite granting Plaintiff's Motion to Remand, Judge Young clarified that "should it become clearer that this Court has jurisdiction, the Court will not hesitate to exercise its subject matter jurisdiction."  ECF No. 33 at 14:11-13.  The text of the Electronic Clerk's Notes accompanying the Order similarly states that the "Court will exercise jurisdiction should it become clear that the case satisfies the amount in controversy necessary for federal jurisdiction."  ECF No. 31.

7.  On October 27, 2021, approximately six weeks after the State Court Action was remanded to Plymouth Superior Court, Hannaford took Plaintiff's deposition.  During her deposition, Plaintiff testified that she usually worked 10 to 12 hours per day and that she typically worked 5 days per week. *See Excerpts of Deposition of Judith Prinzo,* attached as *Exhibit B* at 90:24-91:1-2, 92:1-2.  Plaintiff further testified that she worked 6 days a week at least one week per month. *Id.* at 91:18-92:6.  Plaintiff also testified that she periodically took vacation days and certain holidays off from work, but that she typically worked 10 to 12 hours on each day that she was scheduled to work. *Id.* at 91:1-7, 94:17-22, 111:2-112:23, 117:4-119:4.  Moreover, Plaintiff testified that she also performed work-related duties from home, including texting the associates that she supervised to address scheduling issues. *Id.* at 110:6-111:6.  In light of Plaintiff's

testimony, the amount in controversy is higher than previously estimated by Defendant when it initially removed the State Court Action.

8. Moreover, Hannaford has continued to classify its Massachusetts-based department managers as exempt. As a result, the amount in controversy with respect to the putative class members' alleged damages has continued to increase since June 9, 2021 when Hannaford first removed the State Court Action.

9. Plaintiff has also continued to incur attorney's fees since Hannaford's initial removal on June 9, 2021, including but not limited to attorney's fees related to the prior Motion to Remand briefing and hearing; serving and responding to written discovery requests and participating in multiple telephone conferences wherein the parties met and conferred regarding alleged deficiencies in each party's discovery responses; preparing for and taking the depositions of two Hannaford witnesses; and defending Plaintiff's deposition. These additional attorney's fees further increase the amount in controversy with respect to Plaintiff's individual and class action claims.

### Timeliness and Process

10. This removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days of Plaintiff's deposition and Hannaford's receipt of a transcript thereof, a paper of the Plaintiff's from which it may be ascertained that the case "has become removable." *See* 28 U.S.C. § 1446(b)(3); *Romulus v. CVS Pharmacy*, 770 F.3d 67, 77-78 (1st Cir. 2014) (identifying deposition transcripts as meeting the criteria for removal under § 1446(b)(3)).

11. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Hannaford in the State Court Action, both prior to and following remand, are attached hereto as *Exhibit C*.

## Venue

12. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because the State Court Action was filed within this District.

## Grounds for Removal

13. Removal is proper because this Court has original jurisdiction over the putative class action under CAFA and over Plaintiff's individual claims under 28 U.S.C. § 1332(a).

14. Under CAFA, subject matter jurisdiction exists because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one proposed class member, Plaintiff, is different from that of Hannaford, the only defendant; and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interest and costs. Of these requirements, Plaintiff only previously contested the amount in controversy.

15. In addition, this Court has subject matter jurisdiction over Plaintiff's individual claims pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." This Court has jurisdiction under § 1332(a) because the citizenship of Plaintiff and Hannaford are different and the matter in controversy with respect to Plaintiff's individual claims exceeds $75,000, exclusive of interest and costs. Of these requirements, Plaintiff only previously contested the amount in controversy.

## Diversity of Citizenship

16. For original jurisdiction to exist under CAFA, "any member of a class of plaintiffs must be a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a resident of and citizen of the Commonwealth of Massachusetts, *Exhibit A* ¶ 4, whereas Hannaford is a Maine limited liability company. Hannaford's sole member is ADUSA

Commercial Holdings, Inc., a Delaware corporation with its principal place of business in North Carolina.  Hannaford is thus a citizen of Delaware and North Carolina for purposes of determining diversity of citizenship.  28 U.S.C. § 1332(c); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) (holding that for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members).

17. Because Hannaford and Plaintiff are citizens of different states, diversity of citizenship exists.  *See* 28 U.S.C. §§ 1332(a)(1); 1332(d).

18. Additionally, because Hannaford is not a citizen of the state in which the action was originally filed, the "home state" or "local controversy" exceptions to CAFA jurisdiction set forth in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4) do not apply.

### The Amount in Controversy For Plaintiff's Individual Claims Exceeds $75,000

19. For original jurisdiction to exist under 28 U.S.C. § 1332(a) with respect to Plaintiff's individual claims, the aggregate amount in controversy must exceed $75,000 dollars, exclusive of interests and costs, but inclusive of attorneys' fees and treble damages under the Massachusetts Wage Act.  28 U.S.C. § 1332(a); *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (attorneys' fees are included in the amount-in-controversy determination "when a statute mandates or allows payment of the fees"); *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 3d 98, 102, C.A. No. 1:12-cv-12380-WLW (D. Mass. Sept. 27, 2013) (including multiplied damages in amount in controversy calculus because the Massachusetts Wage Act provides for treble damages); *Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 92 (D. Mass. 2018) (same).

20. Plaintiff's "likelihood of success on the merits is largely irrelevant" to the amount in controversy analysis "because the pertinent question is what is *in controversy* in the case, not

how much the plaintiffs are ultimately likely to recover." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (emphasis in original).  In other words, the amount in controversy "is measured by the damages that the plaintiff might recover, assuming that the allegations . . . are true." *Hogan v. Wal-Mart Stores, East, L.P.*, No. 13–603-S, 2014 WL 66658, at *4 (D.R.I. Jan. 8, 2014).

21. In light of Plaintiff's October 27, 2021 deposition testimony regarding her alleged hours of work, and the fact that, since Defendant's initial Notice of Removal on June 9, 2021, Plaintiff has continued to incur substantial attorney's fees in prosecuting her claims, the amount in controversy with respect to Plaintiff's individual claims exceeds $75,000 under both the .5x and 1.5x method of calculating damages.

### The Amount in Controversy for the Putative Class Action Claims Exceeds $5 Million

22. For original jurisdiction to exist under CAFA, the aggregate amount in controversy must exceed $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

23. In light of Plaintiff's October 27, 2021 deposition testimony regarding her alleged hours of work, the fact that the putative class members' alleged damages have continued to accrue because Hannaford has continued to classify its Massachusetts-based department managers as exempt, and the fact that Plaintiff has continued to incur substantial attorney's fees in prosecuting her class claims, the amount in controversy with respect to Plaintiff's putative class action claims now exceeds $5 million under both the .5x and 1.5x method of calculating damages.

### Membership in the Putative Class Exceeds 100 Persons

24. Under CAFA, the Court must decline to exercise jurisdiction of a class action if "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  28 U.S.C. § 1332(d)(5)(B).  The Complaint states that the putative plaintiff class "consists of more than 50 members."  Compl. ¶ 14.  Based on Hannaford's review of its records and understanding

of the putative class sought by Plaintiff in the Complaint, there are now more than 150 current and former employees that would fit within the definition of the putative class. Therefore, the threshold requirement for jurisdiction under CAFA is satisfied.

## Notice to State Court and Adverse Party

25.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing of this Notice, a notice of this removal, together with a copy of this Notice, will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Plymouth County, and will also be served on opposing counsel.

WHEREFORE, Hannaford hereby removes this case from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts and respectfully asks that this action proceed in this Court.

*** 

Respectfully submitted,

**HANNAFORD BROS. CO., LLC,**

By its attorneys,

By:  */s/ Christopher M. Pardo*
Christopher M. Pardo (BBO# 674674)
 cpardo@HuntonAK.com
Elizabeth L. Sherwood (BBO# 687866)
 esherwood@HuntonAK.com
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
Tel: (617) 648-2800
Fax: (617) 433-5022

Dated:  November 23, 2021

## **CERTIFICATE OF SERVICE**

I, Christopher M. Pardo, hereby certify that on November 23, 2021, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system and was served upon counsel of record via electronic mail at the following addresses:

Stephen Churchill
Fair Work, P.C.
192 South St, Ste 450
Boston, MA 02111
*steve@fairworklaw.com*

Benjamin Knox Steffans
Steffans Legal PLLC
7 North Street, Suite 307
Pittsfield, MA 01201
*bsteffans@steffanslegal.com*

  */s/ Christopher M. Pardo*
  Christopher M. Pardo

9

074487.0001321 EMF_US 87441818v3