```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JUDITH PRINZO, on behalf of herself and all other employees similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>HANNAFORD BROS. CO., LLC,<br><br>              Defendant. | CIVIL ACTION<br>NO. 21-11901-WGY |

YOUNG, D.J.                                              February 3, 2023

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Judith Prinzo ("Prinzo") requests that this Court certify a class comprised of "all individuals who worked as fresh department managers for Hannaford [Hannaford Bros. Co, LLC ("Hannaford")] in Massachusetts between January 12, 2018, and the present, or such other classes or sub-classes that the Court deems appropriate."  Pl.'s Mem. Supp. Class Cert. ("Pl.'s Mem. Class Cert.") 20, ECF No. 27.  She seeks certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3) and argues that all the relevant requirements are met.  Id. at 10.

After hearing arguments on January 30, 2023, this Court took the matter under advisement.  Electronic Clerk's Notes, ECF No. 46.  After careful consideration, this Court finds that all

[1]

the requirements for class certification under Rule 23 are met, and therefore orders certification of the following class:

> All persons who work or have worked between January 12, 2018 and the present for Hannaford in Massachusetts as fresh department managers -- including all (i) Bakery Sales Managers, (ii) Deli Sales Managers, (iii) Deli/Bakery Sales Managers, (iv) Produce Sales Managers, (v) Meat Market Managers, (vi) Meat Market/Seafood Sales Managers, and (vii) Deli/Seafood Managers -- who did not receive overtime premium pay for all hours worked over 40 in a workweek, did not receive a premium for hours worked on Sunday, or did not receive a premium for hours worked on Protected Holidays.

**II.   ANALYSIS**

"A district court must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class," and ensure that all of the requirements of Rule 23(a) and one of the elements of Rule 23(b) are met.  Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003).  Rule 23(a) requires: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  Fed. R. Civ. P. 23(a).  Rule 23(b)(3) requires that: "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

Hannaford, virtually conceding numerosity, typicality, adequacy, and superiority, opposes class certification, citing

issues with commonality and predominance.  Def. Hannaford Opp'n Pl.'s Mot. Class Cert. ("Def.'s Opp'n Class Cert.") 16-20, ECF No. 31.  Both of Hannaford's objections fail because the commonality and predominance requirements are present here.

### A. Contested Requirements: Commonality under Rule 23(a) and Predominance under Rule 23(b)

#### 1. Commonality

Commonality is met when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  The Supreme Court expanded on the commonality requirement, explaining that:

> Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury.  This does not mean merely that they have all suffered a violation of the same provision of law . . . .  Their claims must depend upon a common contention . . . .  That common contention, moreover, must be of such a nature that it is capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349-50 (2011) (internal quotation marks and citations omitted).  "Rule 23(a)'s requirement of commonality is a low bar, and courts have generally given it a 'permissive application.'" Fleming v. Select Portfolio Servicing, 342 F.R.D. 361, 365 (D. Mass. 2022) (Saris, J.) (citing In re New Motor Vehicles Canadian Exp. Antitrust Litig., 522 F.3d 6, 19 (1st Cir. 2008)).  Commonality demands only the existence of a "single issue common to all

[3]

members of the class." Natchitoches Parish Hosp. Serv. Dist. v. Tyco Int'l., Ltd., 247 F.R.D. 253, 264 (D. Mass. 2008) (Saris, J.) (emphasis in original).

Here, Prinzo defines a class with sufficient common elements to warrant certification. All class members have purportedly suffered an identical injury and their grievances are based on the same contention: they have been misclassified as exempt workers. And whether such misclassification has indeed taken place turns on the same factual and legal inquiry: whether their "primary duty" is the performance of exempt work. Marzuq v. Cadete Enterprises, Inc., 807 F.3d 431, 439 (1st Cir. 2015) (examining the employees' "primary duty" to determine the appropriateness of their exempt status). Moreover, as discussed below, the primary duty inquiry -- which is central to all the class members' claims -- is susceptible to common proof. Muniz v. XPO Last Mile, Inc., 342 F.R.D. 189, 196 (D. Mass. 2022) (Hillman, J.) (holding that the commonality requirement was met because the question of misclassification was "susceptible to common proof."). Therefore, the commonality requirement is met.

### 2. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prod., Inc. v. Windsor,

521 U.S. 591, 623 (1997) (citing 7A Wright, Miller, & Kane 518-519.19).  "The predominance inquiry accordingly involves an individualized, pragmatic evaluation of the relationship between and the relative significance of the common and individual issues."  In re Relafen Antitrust Litig., 218 F.R.D. 337, 343 (D. Mass. 2003).  "Where . . . common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied."  Smilow v. Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 40, 55 Fed. R. Serv. 3d 253 (1st Cir. 2003).

In the instant controversy, there is one key inquiry as to liability: whether Hannaford's department managers have been misclassified as exempt.  Pl.'s Mot. Class Cert. at 13; Def.'s Opp'n. at 1.  That issue turns on the nature of department managers' "primary duty."  Marzuq v. Cadete Enterprises, Inc., 807 F.3d 431, 439 (1st Cir. 2015) (examining the employees' "primary duty" to determine the appropriateness of their exempt status).  An employee's "primary duty" means "the principal, main, major or most important duty that the employee performs."  29 C.F.R. § 541.700(a).  The "major emphasis" when determining a primary duty is "on the character of the employee's job as a whole."  Id.  Relevant factors that courts must consider in conducting their primary duty inquiry include "[(1)] the relative importance of the exempt duties as compared with other

types of duties; [(2)] the amount of time spent performing exempt work; [(3)] the employee's relative freedom from direct supervision; [(4)] and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." Id.  In short, the case before this Court is a so-called misclassification case.

"Due to the unique nature of employment classification claims, '[b]oth the United States Supreme Court and the Massachusetts Supreme Judicial Court have expressed a strong preference for rendering decisions on the classification of employees on [a] class wide basis.'" Hogan v. InStore Grp., LLC, 512 F. Supp. 3d 157, 190 (D. Mass. 2021) (Woodlock, J.) (quoting De Giovanni v. Jani-King Int'l, Inc., 262 F.R.D. 71, 85-86 (D. Mass. 2009)).  At the same time, courts have cautioned that misclassification claims have the potential to generate individual issues that can "devolve into individual mini-trials regarding whether each particular class member [has] actually met the requirements for exempt status." Rea v. Michaels Stores, Inc., No. SACV-13-455-GW, 2014 WL 1921754, at *3.7 (C.D. Cal. May 8, 2014).  For this reason, courts have generally required that a plaintiff show "that . . . questions necessary to determining exemption can be answered with respect to the members of the class as a whole through generalized proof." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, at 513 (2d

Cir. 2020); see also Rea, 2014 WL 1921754, at *4 (holding that the plaintiff must provide "common evidence" that will "diminish the need for individual inquiry"); Faraji v. Target Corp., NO. 5:17-CV-00155-ODW-SP, 2018 WL 2041380, at *3 (C.D. Cal. Apr. 30, 2018) (certification should be denied in overtime misclassification cases "unless plaintiff proposes some form of common proof" showing "how employees spend their time at work").

In misclassification cases, common evidence often takes the shape of corporate policies and procedures.  And "[w]here . . . there is evidence that the duties of the job are largely defined by comprehensive corporate procedures and policies, district courts have routinely certified classes of employees challenging their classification as exempt, despite arguments about 'individualized' differences in job responsibilities." Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 160 (S.D.N.Y. 2008); see also Casias v. Distribution Management Corporation, Inc., 2014 WL 12710236, at *13 (D.N.M., 2014) ("in deciding whether an employer's uniform exemption policy is supported by common evidence . . ., one of the relevant inquiries is whether . . . the 'employer exercised some level of centralized control in the form of standardized hierarchy, standardized corporate policies and procedures governing employees, uniform training programs, and other factors susceptible to common proof.'").

Here, Hannaford's corporate policies and procedures -- including training protocols, "standard practice" materials, labor standards, scheduling systems, standardized pay ranges, and Kronos data -- constitute sufficient common evidence to allow for class-wide adjudication.  These resources will provide common answers about all the essential factors underpinning the "primary duty" inquiry, including (1) the relative importance of fresh department managers' exempt duties as compared with other types of duties, (2) the amount of time fresh department managers spend performing exempt work, (3) fresh department managers' relative freedom from direct supervision, (4) and the relationship between the salary of fresh department managers and the wages paid to hourly employees.  Moreover, the evidence offered by Hannaford has not persuaded this Court that the differences in job responsibilities between fresh department managers are sufficient to discount the probatory significance of the common evidence submitted by Prinzo or otherwise prevent class-wide adjudication.  Accordingly, the predominance requirement is satisfied.

**III. CONCLUSION**

For these reasons, the motion to certify class (ECF. No. 27) is GRANTED.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 44 years.