DocuSign Envelope ID: 1465811D-2B58-48F5-91A9-283EF42FB2C7

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made and entered into by and between Named Plaintiff Judith Prinzo ("Plaintiff"), for and on behalf of herself, the Rule 23 Class (as defined below), and Tracy (as defined below), and Defendant Hannaford Bros. Co., LLC ("Defendant"). Plaintiff and Defendant are referred to in this Agreement as a "Party" or the "Parties."

WHEREAS, the Parties have been engaged in two lawsuits filed by Plaintiff against Defendant challenging various pay practices, captioned as *Judith Prinzo, et al. v. Hannaford Bros. Co., LLC*, U.S. District Court for the District of Massachusetts, Case Nos. 1:21-cv-11901-WGY ("Pending Rule 23 Class Case") and 1:22-cv-10672-WGY ("Pending FLSA Case") (collectively, the "Litigation");

WHEREAS, on February 3, 2023, the Court certified a class in the Pending Rule 23 Class Case;

WHEREAS, the Court has not yet conditionally or otherwise certified a class in the Pending FLSA Case, and, therefore, this Agreement is intended to resolve only those claims in the Pending FLSA Case of Plaintiff, Dawn Eringi ("Eringi"), Avery Sartelle ("Sartelle"), and Amanda Tracy ("Tracy"), each of whom have opted into the Pending FLSA Case;

WHEREAS, Eringi and Sartelle are also members of the Rule 23 Class;

WHEREAS, Defendant denies all of the claims asserted in the Pending Rule 23 Class Case and Pending FLSA Case, denies that it engaged in any wrongdoing, and denies that it committed any violations of any law, but is entering into this Agreement solely because a settlement would eliminate the burden and expense of further litigation;

WHEREAS, the Parties engaged in class-wide discovery, participated in a full-day in-person mediation before Mark Irvings, Esq., and following negotitions, reached an agreement as to material terms of a settlement of the Pending Rule 23 Class Case and the Pending FLSA Case;

WHEREAS, the Parties now desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing, to effect an agreement for the settlement and resolution of all claims brought by Plaintiff, Tracy, and the Rule 23

Class in the Pending Rule 23 Class Case and in the Pending FLSA Case against Defendant; and

WHEREAS, in agreeing to the settlement embodied in this Agreement, Plaintiff and Class Counsel have considered: (1) the facts developed during discovery and from their investigations, (2) the attendant risks of continued litigation and the uncertainty of the outcome of the Litigation, and (3) the desirability of permitting their proposed settlement to be consummated according to the terms of this Agreement; and have concluded that the terms and conditions of the Agreement are fair, reasonable, and adequate, and in the best interests of Tracy and the Rule 23 Class based on the totality of the circumstances;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed between Plaintiff, individually and on behalf of the Rule 23 Class and Tracy, and Defendant that, subject to the Court's approval and the other conditions set forth herein, the Pending Rule 23 Class Case and Pending FLSA Case shall be settled, compromised, and dismissed on the merits and with prejudice in the manner and upon the terms and conditions set forth in this Agreement.

1. Rule 23 Class Definition.   The Parties agree that, for the purposes of this Agreement, the "Rule 23 Class" shall be defined pursuant to the Court's February 3, 2023 order certifying a class of: "All persons who work or have worked between January 12, 2018 and February 3, 2023 for Hannaford in Massachusetts as fresh department managers - including all (i) Bakery Sales Managers, (ii) Deli Sales Managers, (iii) Deli/Bakery Sales Managers, (iv) Produce Sales Managers, (v) Meat Market Managers, (vi) Meat Market/Seafood Sales Managers, and (vii) Deli/Seafood Managers - who did not receive overtime premium pay for all hours worked over 40 in a workweek, did not receive a premium for hours worked on Sunday, or did not receive a premium for hours worked on Protected Holidays." Exhibit A to this Agreement sets forth the names of each member of the Rule 23 Class.  For the sake of clarity, the Rule 23 Class does not include the six individuals who previously opted out of the Pending Rule 23 Class Case.

2. Court Approval of Settlement. The Parties understand and agree that the settlement set forth in this Agreement is subject to Court approval pursuant to Fed. R. Civ. P. 23 and the Fair Labor Standards Act ("FLSA"). The Parties agree to cooperate as necessary to obtain timely approval of this Agreement, so that all required payments can be made as soon as practicable consistent with the

requirements of Fed. R. Civ. P. 23, the FLSA, and the terms of this Agreement. The Parties further agree that if the Court does not approve this Agreement, then for a period of thirty (30) days after the Court's denial, they shall in good faith attempt to negotiate a substitute agreement with terms that conform as closely to this Agreement as possible but that are otherwise acceptable to the Parties and the Court. If the Parties are unable to negotiate such a substitute agreement, then this Agreement shall be null and void, and the Parties shall be restored to their respective positions as they existed prior to the execution of this Agreement.

3. <u>Settlement Fund</u>. The total amount to be paid by Defendant under this Agreement is $1,048,000.00 (the "Settlement Fund"), exclusive only of the employer's share of payroll taxes for any settlement payments characterized as wage payments under this Agreement. Except for the contingency set forth in paragraph 8 below, no amount of the Settlement Fund will revert to Defendant. The Parties agree that Plaintiff will propose for Court approval (and Defendant will not contest) the following allocation of the Settlement Fund:

- $75,000.00 as a payment to Plaintiff, which is intended to cover her share of the Class Fund (as defined below) and an incentive payment, which takes into account the Defendant's previous settlement offer to the Plaintiff of $74,999.99, her rejection of which permitted the Pending Rule 23 Class Case to proceed, thereby benefitting the Rule 23 Class and subjecting her to a risk of financial loss;

- $349,166.00 as attorneys' fees to Class Counsel, representing one-third of the Settlement Fund;

- Reimbursement in an amount up to $20,000.00 for costs incurred or to be incurred by Class Counsel in connection with the Litigation (including filing fees, deposition costs, and mediation fees) and with the administration of this Agreement, including fees paid to a third party administrator ("TPA");

- $424.00 as a payment to Tracy for her potentially timely claims for work performed outside of Massachusetts; and

- $603,410.00 (the "Class Fund") to be paid to eligible members of the Rule 23 Class, excluding Plaintiff and Tracy as set forth above, in proportion to their potential damages based solely on their salaries and periods of eligible employment within the class period. Because there are no records of actual

hours worked, each eligible member's pro rata share of the Class Fund will be calculated based on the assumption that all eligible members worked the same number of hours each week.

4. <u>Third Party Administrator</u>. Class Counsel shall retain a TPA, who will be responsible for, among other things, sending notice of the proposed settlement to the Rule 23 Class, researching changed addresses, issuing payments, submitting tax reports and deposits, and any associated responsibilities, all pursuant to this Agreement and as further directed by the Court.

5. <u>Settlement Approval Process</u>.

A. <u>Preliminary Approval</u>. As soon as practicable following the execution of this Agreement by all parties, Class Counsel shall prepare and file a Motion for Preliminiary Settlement Approval (the "Preliminary Approval Motion") seeking preliminary approval of this Agreement and of the proposed notice to be sent to the Rule 23 Class regarding the settlement, the form of which is attached to this Agreement as Exhibit B (the "Notice"). Class Counsel will provide Defendant's counsel with a draft of the Preliminary Approval Motion and all supporting materials (including the proposed preliminary approval order) within four (4) business days of the execution of this Agreement by all parites, and Defendant's counsel will review and make any revisions to the Preliminary Approval Motion within four (4) business days of receiving the Preliminary Approval Motion. Class Counsel will incorporate Defendant's counsel's proposed revisions to the extent they are reasonable and consistent with this Agreement.

B. <u>Class List</u>. Within fourteen (14) days following the Court's order granting Preliminary Approval (the "Preliminary Approval Order"), Defendant shall provide Class Counsel and the TPA with a list containing for Tracy and each member of the Rule 23 Class their: (i) name, (ii) last known address, and (iii) social security number based on the information in Defendant's possession at that time (the "Class List"); provided, however, that Defendant shall not provide Class Counsel with the social security numbers of Tracy and the members of the Rule 23 Class, and the TPA shall not share any social security numbers with Class Counsel.  The Class List will be treated as confidential information by both the TPA and Class Counsel, and the Class List shall be used solely for the purposes of effectuating the settlement and may not be copied or disseminated for any other purpose.

C. <u>Notice</u>. Within twenty-eight (28) days of the entry of the Preliminary Approval Order, or as otherwise ordered by the Court, the TPA shall mail to each member of the Rule 23 Class a copy of the Court-approved Notice. If a Notice is returned as undeliverable, the TPA will perform a customary skip-trace in an effort to obtain updated address information, and the TPA will promptly remail the Notice to any updated address; provided, however, that the re-mailing of the Notice shall not extend the Notice Period (as defined below).

D. <u>Opting-out of the Settlement</u>.  Members of the Rule 23 Class will have 45 days following the initial mailing date of the Notices (such 45-day period, the "Notice Period") to opt-out of and exclude themselves from the settlement by mailing a written, signed statement to the TPA that includes their name, address, telephone number, and a statement indicating their intention to opt-out of the settlement ("Opt-out Statement").  To be valid, an Opt-out Statement must be postmarked by United States Postal Service on or before the end of the Notice Period.  Any member of the Rule 23 Class who timely submits an Opt-Out Statement will not be eligible to receive any payments under this Agreement and will not be bound by this Agreement.  Any member of the Rule 23 Class who does not timely submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and be bound by the terms of this Agreement, including the limited release of claims set forth in Paragraph 9 below and the dismissal of their claims with prejudice.

E. <u>Objecting to the Settlement</u>. Any member of the Rule 23 Class who wishes to object to the settlement must do so in writing by mailing a written, signed objection to the TPA prior to the expiration of the Notice Period.  The written, signed objection must include all reasons for the objection and any supporting documentation; the name, address, and telephone number of the Rule 23 Class member making the objection; and a list of all other objections, if any, filed by the member or his/her counsel to any class action settlements pending in any court in the United States in the previous five years.  To be valid, the objection must be postmarked by United States Postal Service on or before the end of the Notice Period.  Any member of the Rule 23 Class who timely submits an objection to the settlement shall also have the right to appear at the Fairness Hearing either in person or through their own counsel. Any member of the Rule 23 Class who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objection.  Any member of the Rule 23 Class who has elected to opt-out of the settlement by

timely submitting an Opt-out Statement may not submit objections to the settlement.

F. <u>Fairness Hearing and Motion for Final Approval.</u> Within 45 days of the conclusion of the Notice Period, Class Counsel shall file a motion requesting final approval of the settlement, including a request for the Court to set a Fairness Hearing as required by Rule 23 ("Final Approval Motion"). Class Counsel will provide Defendant's counsel with a draft of the Final Approval Motion and all supporting materials (including the proposed final approval order) at least five (5) business days prior to filing the Final Approval Motion, and Defendant's counsel will review and make any revisions to the Final Approval Motion within four (4) business days of receiving the Final Approval Motion. Class Counsel will incorporate Defendant's counsel's proposed revisions to the extent they are reasonable and consistent with this Agreement. In the Final Approval Motion and during the Fairness Hearing, Plaintiff shall request that the Court, among other things: (1) approve the settlement and this Agreement as fair, reasonable, adequate, and binding on Plaintiff, Tracy, and all members of the Rule 23 Class who have not timely opted out of the settlement; (2) dismiss both lawsuits against Defendant with prejudice without costs or fees not referenced in this Agreement; and (3) enter a final order in accordance with this Agreement.

6. <u>Distributions of Settlement Fund.</u> Within thirty-seven (37) days after the Court enters a final order approving the settlement (the "Final Approval Order") if no appeal is filed or, if an appeal is filed, within seven (7) days after the complete and final resolution of any such appeal, Defendant will pay the Settlement Fund (less any amounts not approved by the Court in the Final Approval Order) into a Qualified Settlement Fund, to be established and managed by the TPA. Within fourteen (14) days after Defendant pays the Settlement Fund into the Qualified Settlment Fund, the TPA will prepare and mail checks to Plaintiff, Class Counsel, Tracy, and members of the Rule 23 Class in the amounts described above in Paragraph 3 as approved by the Court in its Final Approval Order. Any checks that are not cashed within 120 days after issuance will be cancelled by the TPA and replacement checks shall be submitted by the TPA to the Unclaimed Property Division of the Commonwealth of Massachusetts Treasurer's Office in the name of the applicable member of the Rule 23 Class.

7. <u>Deposits & Taxes.</u> The TPA shall distribute the Settlement Fund in accordance with this Agreement and in the manner approved by the Court. For distributions to Plaintiff, Tracy, and members of the Rule 23 Class, each shall receive payments in

two parts: (1) approximately 1/3 of their payment shall be in the form of wages, subject to payroll taxes, for which a Form W2 shall be issued by the TPA, and (2) approximately 2/3 of their payment shall be in the form of non-wage income (reflecting the claim for multiple damages), from which no withholdings will be made and for which a Form 1099 shall be issued by the TPA. Defendant shall be responsible for funding to the Qualified Settlement Fund the employer's share of any required payroll taxes on the wage portion of the payments, to be coordinated with the TPA, none of which shall be payable out of the Settlement Fund. The TPA will be responsible for calculating the employer's share of any required payroll taxes and effectuating those tax payments on Defendant's behalf. Aside from the employer's share of any required payroll taxes, all Parties shall be responsible for their own tax obligations resulting from this Agreement.

8. <u>General Release and Dismissal of Individual Claims by Plaintiff</u>. Except as specifically set forth in this Agreement, and in consideration and exchange for the Settlement Fund set forth above, and for other good and valuable consideration described herein, Plaintiff, on behalf of herself, her heirs, next of kin, executors, administrators, agents, representatives, attorneys, and assigns, knowingly and voluntarily forever releases and discharges Defendant, together with its past and present affiliates, subsidiaries, boards, parent companies, investors, predecessors, successors, assigns, partners, members, owners, shareholders, trustees, officers, directors, employees, attorneys, fiduciaries, insurers, representatives, and agents, both individually and in their business capacities (collectively, the "Releasees") from and of, and waives any rights in and to, all claims, complaints, demands, contracts, grants, lawsuits, causes of action or expenses of any kind (including attorney's fees and costs), (collectively, "Claims"), whether known or unknown, that Plaintiff now has or ever had against the Releasees or any of them up to the signing this Agreement, including but not limited to Claims related to or arising from Plaintiff's employment with Defendant and/or the termination thereof, as well as: Claims arising under common law; Claims for breach of contract and in tort; Claims for unpaid compensation, unpaid overtime, unpaid Sunday or holiday pay, unpaid bonuses, equity, or any employee benefits; Claims for attorney's fees and costs; and Claims arising under federal, state or local labor law, employment laws and laws prohibiting employment discrimination (based on age, gender, pregnancy, race, religion, color, national origin, ancestry, ethnicity, sexual orientation, disability, genetic information, military or veteran status, gender identity and expression, or discrimination or retaliation based on filing a worker's compensation claim, and other protected classes), including but not limited to: Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Fair Labor Standards Act of 1938, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Family and Medical

Leave Act of 1993, the Employee Retirement Income Security Act of 1974, the Age Discrimination in Employment Act, the Older Workers' Benefit Protection Act of 1990, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, each as amended, and all related regulations, rules or orders, and similar federal, state or local statutes, regulations, rules or ordinances, including but not limited to the Massachusetts Fair Employment Practices Act, the Massachusetts Civil Rights Act, the Massachusetts Minimum Wage Act, the Massachusetts Equal Rights Law, the Massachusetts Weekly Payment of Wages Act, the Massachusetts Earned Sick Time Law, and Mass. Gen. Stat. Ch. 164 Section 75(b), each as amended. Plaintiff further covenants not to sue the Releasees, or any of them, for any Claims described above.

This release does not apply to: (i) Plaintiff's entitlement under ERISA to vested retirement or pension benefits; (ii) enforcement of the terms of this Agreement; (iii) any claims to workers' compensation benefits (provided, however, that, for the sake of clarity, claims for workers' compensation retaliation are covered by the release above); (iv) any claims for unemployment benefits; and (v) any claims that may not be released by applicable law. Also, nothing in this Agreement shall prohibit Plaintiff from filing a charge with the Equal Employment Opportunity Commission ("EEOC") or with any other federal, state, or local government agency, including the National Labor Relations Board ("NLRB") or from participating in an investigation or proceeding of the EEOC or other federal, state or local government agency, including the NLRB. However, Plaintiff waives the right to any personal monetary recovery or other personal relief should any individual, the EEOC, any other federal, state, or local government agency, or any other party pursue any class or individual charges or claims in part or entirely on Plaintiff's behalf because, as described above, such claims have been fully and completely satisfied by the payments Plaintiff is receiving under this Agreement.

If the Court does not approve the full amount of the proposed payment of $75,000 to Plaintiff, then the general release set forth in this paragraph 8 shall be void, and Plaintiff shall be deemed to have agreed only to the Limited Release and Dismissal of Claims by Rule 23 Class, as set forth in the following paragraph 9. In addition, a Renegotiation Fund shall revert to the Defendant. The Renegotiation Fund will equal $75,000.00 minus the total payment to Plaintiff as approved by the Court. The Parties will then endeavor to negotiate in good faith for the Defendant to obtain a new general release (excluding any claim for workers' compensation benefits) in return for a payment from the Renegotiation Fund.

9. <u>Limited Release and Dismissal of Claims by Rule 23 Class and Tracy</u>. Upon entry of the Final Approval Order, and for other good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all members of the Rule 23 Class who do not timely opt-out of the settlement and Tracy will forever release and discharge Defendant and the other Releasees from any and all claims or liabilities under state or federal law arising on or before the date of the Preliminary Approval Order with respect to unpaid overtime compensation and unpaid Sunday and holiday payments.

10. <u>Costs and Attorneys' Fees</u>. Except as provided in this Agreement, upon payment of those costs and fees approved by the Court, Plaintiff, Tracy, Class Counsel, and members of the Rule 23 Class irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she, or they may have against Releasees for attorneys' fees, expenses, disbursements and all other costs and fees associated with the Litigation, the settlement, and Class Counsel's representation in the Litigation. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees, expenses, disbursements, and all other costs and fees associated with Class Counsel's representation in the Litigation. The attorneys' fees, expenses, and costs paid pursuant to this Agreement shall constitute full satisfaction of the Releasees' obligations to pay amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the Litigation incurred on behalf of Plaintiff, Tracy, and the members of the Rule 23 Class, and shall relieve the Releasees from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and costs to which any of them may claim to be entitled on behalf of Plaintiff, Tracy, and the members of the Rule 23 Class in connection with this Litigation and/or settlement.

11. <u>No Effect on Other Benefits</u>.   Nothing in this Agreement, including the payment of the Settlement Fund, will create a credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by the Releasees (such as 401(k), bonus, severance, or deferred compensation plans), and no payment made pursuant to this Agreement will be compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise require or modify coverage, contributions, or benefits under such plans/programs.

12. <u>No Admission of Liability</u>. Each Party understands and acknowledges that it is willing to enter into this Agreement to avoid the expense, delay, and uncertainties of further litigation, and not as an admission of any liability. Neither the settlement of

DocuSign Envelope ID: 1465811D-2B58-49F5-9100-3835742FB2C7

the Litigation nor the fact that payments are to be made as described in this Agreement, is intended as, and shall not be construed as or claimed to be, an admission of wrongdoing or constitute evidence or an admission of any liability or wrongful conduct on the part of Defendant or any of the other Releasees.

13. <u>No Other Actions</u>. Plaintiff represents and warrants that, other than the Pending Rule 23 Class Case, the Pending FLSA Case, and a pending claim for workers' compensation benefits, Plaintiff has not instituted any action against the Releasees or any of them, and that she has no intention of instituting any future action against the Releasees.

14. <u>Governing Law</u>. This Agreement shall be construed in accordance with, and be governed by, the laws of the Commonwealth of Massachusetts.

15. <u>Entire Agreement</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement between the Parties relating to the subject matter addressed herein, and supersedes any and all agreements, understandings, covenants, warranties and discussions, whether written or oral, between them, covering the subject matter addressed herein.

16. <u>Waiver of Rights</u>. No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on any one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

17. <u>Amendments</u>. This Agreement may not be abandoned, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by a duly authorized representative of each of the Parties hereto.

18. <u>Execution of Counterparts</u>. This Agreement may be executed in multiple signature counterparts, each of which shall constitute an original but all of which taken together shall constitute one and the same instrument. Signatures provided via Docusign, or via scanned or faxed documents, shall have the same effect as an original signature.

## END OF AGREEMENT – SIGNATURES FOLLOW

DocuSigned by:

*Judith Prinzo*

FEA2BC31405B40A...

Date: 9/13/2023

Judith Prinzo,
On behalf of herself, the Rule 23 Class,
and Amanda Tracy

DocuSigned by:

600D038F6FDE411...

Date: 9/13/2023

Stephen Churchill, Esq.
Class Counsel

DocuSigned by:

*Benjamin knox Steffans*

B5740A6EC99B4E5c...

Date: 9/13/2023

Benjamin Steffans, Esq.
Class Counsel

_____

*Julie Libby*

Date: 9/18/2023

Hannaford Bros. Co., LLC
By: Julie Libby
Its: Vice President, Human Resources

074487.0001321 DMS 303354083v5

Date: 9/13/2023

Judith Prinzo,
On behalf of herself, the Rule 23 Class,
and Amanda Tracy

Date: 9/13/2023

Stephen Churchill, Esq.
Class Counsel

Date: 9/13/2023

Benjamin Steffans, Esq.
Class Counsel

Date:

Hannaford Bros. Co., LLC
By:
Its:

11

# EXHIBIT A

| First Name | Last Name |
| --- | --- |
| Edith | Aguilar |
| Tyler | Anderson |
| Kevin | Andrews |
| Aaron | Ayotte |
| Mark | Bailey |
| James | Bairos |
| Taylor | Beckwith |
| Leah | Beninato |
| Gunnar | Benson |
| Mark | Bernal |
| Colin | Bowser |
| Richard | Brawley |
| Meghan | Bredeson |
| Luke | Breidt |
| James | Browne |
| John | Buckley |
| Scott | Burnell |
| Brian | Burns |
| Jesse | Carver |
| Rebecca | Chamberlain |
| Robert | Clarkson |
| Shannon | Clohesy |
| Sharon | Cooper |
| Lianne | Cormier |
| Daniel | Creedon |
| Heather | Cutler |
| Robert | Davis |
| William | Deatte |
| Richard | Delfino |
| Michael | D'Elia |
| Todd | Demers |
| Jonathan | Dewitt |
| Emilio | Di Iorio |
| Scott | Dill |
| John | Doyle |
| Derek | Duby |
| Marcus | Erickson |
| Dawn | Eringi |
| Daniel | Farquharson |
| Peter | Ferguson |
| Brian | Figueiredo |
| Michael | Fisher |
| Gordon | Fogal |
| Jennifer | Fogg |
| Kevin | Foster |
| Patricia | Furbush |
| Julianna | Gagnon |

| | |
|---|---|
| Joe | Gagnon |
| Anthony | Gambaccini |
| Samantha | Garbino |
| Meaghan | Garboski |
| William | Gavazzi |
| James | Giro |
| Eric | Griffin |
| Daniel | Griffin |
| Eric | Gustafson |
| Peter | Harnois |
| Alice | Harris |
| Christopher | Heaven |
| Steven | Hebert |
| Carl | Herrera |
| Amanda | Hill |
| Tina | Hill |
| James | Hunt |
| Todd | Irons |
| Harley | Jean |
| Carol | Jenkinson |
| Kendra | Jussaume |
| Jose | Killgren |
| Lisa | Koyutis |
| Benjamin | Langham |
| Kimberly | Leger |
| Jennifer | Lemasurier |
| Bobbie Jo | Lewis |
| Tiffany | Machado |
| Scott | Mackay |
| Kelly | Madigan |
| Jeffrey | Mandeville |
| David | Markis |
| Joshua | Martin |
| Meaghan | Mcneal |
| Patrick | Monahan |
| Sheila | Monahan |
| Christopher | Moore |
| Peter | Morris |
| Karen | Morrison |
| Vincent | Murphy |
| Katherine | Newsham |
| Jayson | Nieves |
| Adam | Ostergard |
| Kellie | Patten |
| Joshua | Pelkey |
| Raymond | Petz |
| April | Plamondon |
| Trevor | Poulin |

| | |
|---|---|
| Ann | Prentice-Serrano |
| Judith | Prinzo |
| Kimberly | Profit |
| Lisa | Pultar |
| Natalie | Rawinski |
| Roland | Raymond |
| Sara | Richards |
| Danielle | Rogers |
| Jeffrey | Romanauskas |
| Christopher | Roy |
| Dennis | Sargent |
| Avery | Sartelle |
| Allison | Sciuto |
| Shawn | Sironaitis |
| April | Smith |
| Albertino | Sousa |
| Jeremy | St Hilaire |
| Joan | St. Andre |
| Makayla | St. Martin |
| Michael | Therieau |
| Daniel | Thibault |
| Tiffany | Thibault |
| Daniel | Thompson |
| Roger | Touchette |
| Sterling | Trumphour |
| Edmund | Watson |
| Joshua | Whitney |
| Carrie-Ann | Willey |

DocuSign Envelope ID: 1465811D-2BF8-49F5-91A0-2835F42FB2C7

# EXHIBIT B

DocuSign Envelope ID: 146581D2BF8-49F5-91A0-3835742EB2C7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:21-cv-11901-WGY

| | |
|---|---|
| JUDITH PRINZO, on behalf of herself and all other employees similarly situated, | ) ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| HANNAFORD BROS. CO., LLC, | ) |
| | ) |
| Defendant. | ) |

**<u>Notice of Proposed Settlement of Class Action Lawsuit</u>**

You are receiving this notice because you are either a current or former fresh department manager who worked for Hannaford in Massachusetts between January 12, 2018, and February 3, 2023.

**A federal court authorized this Notice. It is not a solicitation from a lawyer. You are not being sued. But your legal rights may be affected by this case, so please read this Notice carefully.**

**You should have received a prior notice about this case, notifying you that the case had been certified as a class action. This notice is for a different purpose: to inform you about a proposed settlement and to explain your rights in connection with that proposed settlement.**

**<u>Background</u>**

In 2021, a class action lawsuit was filed against Defendant Hannaford Bros. Co., LLC ("Hannaford") by Plaintiff Judith Prinzo. The lawsuit is currently pending in the United States District Court for the District of Massachusetts (the "Court"). The lawsuit alleges that fresh department managers at Hannaford's Massachusetts stores were misclassified as exempt from overtime and that all such managers who worked more than 40 hours in one or more weeks during the class period are entitled to recover unpaid overtime wages, as well as premiums for any work on Sundays or legal holidays. Hannaford denies any wrongdoing and asserts that fresh department managers have at all times been properly classified as exempt from overtime.

The Court previously decided that this lawsuit should proceed as a class action on behalf of a "Class" that includes you. The Court defined the Class to include the following people: "*All persons who work or have worked between January 12, 2018 and the present for Hannaford in Massachusetts as fresh department managers -- including all (i) Bakery Sales Managers, (ii) Deli Sales Managers, (iii) Deli/Bakery Sales Managers, (iv) Produce Sales Managers, (v) Meat Market*

DocuSign Envelope ID: 1465811D-2B58-49F5-9100-38355742EB2C7

*Managers, (vi) Meat Market/Seafood Sales Managers, and (vii) Deli/Seafood Managers -- who did not receive overtime premium pay for all hours worked over 40 in a workweek, did not receive a premium for hours worked on Sunday, or did not receive a premium for hours worked on Protected Holidays.*"

## **Proposed Settlement**

Following formal settlement negotiations with the assistance of a professional mediator, the parties agreed to the terms of a proposed settlement. Under federal law, the proposed settlement must be reviewed and approved by the Court.  The Court has preliminarily approved the settlement and will hold a fairness hearing on **[DATE]** to determine whether to grant final approval of the settlement.

Although Hannaford denies that it engaged in any wrongdoing, the parties want to resolve the case to avoid the cost of continued litigation. The amount of the proposed settlement is $1,048,000. If approved by the Court, one-third of the settlement proceeds will be used to pay attorneys' fees for bringing and prosecuting this lawsuit. In addition, up to $20,000 of the settlement fund will be used to pay for the costs of litigating this case and administering the settlement. The lead plaintiff who brought the case, and who assisted in the prosecution of these claims, will receive a total payment of $75,000, representing her share of the settlement and compensation for the risk and burdens she undertook.

The remainder of the settlement will be distributed in proportion to each class member's potential recovery, which will be estimated based on their salary and dates of employment as a fresh department manager during the class period.

## **Your Rights**

You have the right to stay in the Class or to remove yourself from the Class. If you choose to stay in the Class, you also have the right to object to the proposed settlement.

> **If you choose to stay in the Class**, you do not need to do anything to stay in the Class. You will be represented by Class Counsel in this lawsuit unless you retain your own counsel, you will be bound by any rulings and judgments issued in the case, whether favorable or unfavorable, and you will be eligible to receive your pro rata share of the proposed settlement, if the proposed settlement is approved by the Court. If you choose to stay in the Class, you also have the **right to submit an objection to the proposed settlement**. The requirements for submitting an objection are described below.

> **If you choose to remove yourself from the Class**, the Court will exclude you from the Class, and you will not be entitled to receive a pro rata share of the settlement.  The requirements for removing yourself from the Class are described below.

You also have the right to get more information about the case by contacting Class Counsel (see contact information below) at no cost to you. You also may consult the attorney of your choice, at your own expense.

## Action Required

Here is what you need to do:

**If you choose to stay in the Class and <u>do not</u> object to the proposed settlement**, you do not need to do anything. If the proposed settlement is approved by the Court, you will be mailed a payment representing your portion of the proposed settlement. If you would like to update your contact information to receive future notices in this case or your payment at a different address, you may do so by mail or email to the Class Administrator (see below for contact information).

**If you choose to stay in the Class but <u>do</u> object to the proposed settlement**, you must do the following. Any objection must be made by mailing a written, signed objection to the Class Administrator (identified below) on or before **[DATE]**. The written, signed objection must include all reasons for the objection and any supporting documentation; your name, address, and telephone number; and a list of all other objections, if any, filed by you or your counsel (if you have separate counsel) to any class action settlements pending in any court in the United States in the previous five years. To be valid, the objection must be postmarked by United States Postal Service on or before **[DATE]**. If you submit a timely objection you shall also have the right to appear at the Fairness Hearing either in person or through your counsel. If you wish to appear at the Fairness Hearing, you must state your intention to do so in writing on your written objection.

**If you choose to remove yourself from the Class**, you may request to opt-out of the settlement by mailing a written, signed request to the Class Administrator (identified below) on or before **[DATE]**. The written, signed request must include your name, address, telephone number, and a statement indicating your intention to opt-out of the settlement. To be valid, your request must be postmarked by United States Postal Service on or before **[DATE]**. Any person who excludes themselves from the settlement will not be eligible to receive any payments under the settlement.

## Release of Claims

All members of the Class who do not timely opt-out of the settlement will forever release and discharge Hannaford and associated parties from any and all claims or liabilities under state or federal law arising on or before **[INSERT DATE OF PRELIMINARY APPROVAL ORDER]** with respect to unpaid overtime compensation and unpaid Sunday and holiday payments.

## Fairness Hearing

There will be a court hearing at **[TIME]** on **[DATE]** in Courtroom 18 at the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, MA. You have the right to attend the hearing *but you are not required to attend*. At this hearing, the Court will consider whether to enter a final order approving the settlement. If the settlement is not approved by the Court, the litigation will continue.

DocuSign Envelope ID: 146581D-2B58-49F5-91A0-3835F42EB2G7

### Contact Information

Here is the contact information for the **Class Administrator**:

Hannaford Settlement
c/o Optime Administration, LLC
PO Box 3206
Brockton, MA 02304
Toll Free: (844) 625-7313
Fax: (781) 287-0381
Email: HannafordSettlement@optimeadmin.com

Here is the contact information for **Class Counsel**:

Stephen Churchill
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111
617-607-3260
steve@fairworklaw.com

Benjamin Knox Steffans
Steffans Legal PLLC
10 Wendell Ave. Ext. Suite 208
Pittsfield, MA 01201
413-418-4176
bsteffans@steffanslegal.com

4